UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andrea Clarke,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>The Prudential Insurance Company of America, et al.,<br><br>　　　　　　　　　　Defendants.[1] | Case No.: 18-cv-01392-H-KSC<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING MINOR'S COMPROMISE PETITION**<br><br>**[ECF Nos. 24, 29, 30]** |

## I.　　**INTRODUCTION**

Before the Court is the parties' amended Joint Petition to Approve Compromise of Pending Action - Minor ("Amended Petition") (ECF No. 29). This Report and Recommendation is submitted to United States District Judge Marilyn L. Huff pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 17.1 of the United States District Court for the Southern District of California. After reviewing the Amended Petition and all supporting documents, and for the reasons discussed below, the Court **RECOMMENDS** that the Amended Petition be **GRANTED**.

---

[1] The Prudential Insurance Company of America has been dismissed as a party in this case (*see* ECF No. 15), but for clarity, the Court has styled the case name as it appears on the docket.

1

## II. BACKGROUND

Third-Party Defendant A.M.C. is a minor appearing by and through her mother, and court-appointed guardian *ad litem*, Third-Party Defendant Cindy Clarke. (ECF No. 22.) Plaintiff Andrea Clarke alleges the following in her complaint: On January 5, 2018, Andrea Clarke's husband, Henry Clarke, died suddenly in a car accident. (ECF No. 1-2 ¶ 1.) Before his death, Mr. Clarke took out a group life insurance policy[2] ("the Plan") with his employer. (*Id.*) The Plan was covered by The Prudential Insurance Company of America, Inc. ("Prudential") and was purchased in part with Andrea Clarke and Mr. Clarke's community property. (*Id.*) Mr. Clarke did not designate a beneficiary to the Plan. (*Id.*) After Mr. Clarke's death, Prudential refused to pay Andrea Clarke any insurance proceeds ("Death Benefits") due under the Plan and instead, "threatened to disburse" the Death Benefits to Mr. Clarke's ex-wife, Cindy Clarke, by May 23, 2018. (*Id.* ¶¶ 2–3.)

Previously in 2003, Mr. Clarke and Cindy Clarke had executed a Marriage Settlement Agreement ("MSA") pursuant to their divorce that "required [Mr. Clarke] to maintain life insurance for future child support" of their two children, Nicole Clarke and minor A.M.C., who were both minors at the time. (*Id.* ¶ 2.) The MSA also required Mr. Clarke to "name his minor children as the beneficiaries of the insurance." (*Id.*)

On May 22, 2018, Andrea Clarke filed the instant suit in the San Diego Superior Court against Prudential alleging two causes of action: (1) Breach of Contract; and (2) Breach of the Covenant of Good Faith and Fair Dealing. (*Id.* ¶¶ 13–23.) On June 22, 2018, Prudential removed the case to this District. (ECF No. 1.)

On June 26, 2018, Prudential filed a third-party complaint in interpleader naming Cindy Clarke and minor A.M.C. as third-party defendants. (ECF No. 6 ¶¶ 3–4.) Prudential alleges the following in its third-party complaint: On January 5, 2018, $550,000 in Death

---

[2] The Plan collectively included three different polices: (1) company paid life insurance ($50,000); (2) optional accidental death and dismemberment insurance ($200,000); and (3) optional supplemental life insurance ($500,000). (ECF No. 1-2 ¶ 1.)

Benefits "became due to a beneficiary or beneficiaries" under the Plan, but Mr. Clarke had not designated a beneficiary to the Plan. (*Id.* ¶ 11.) Pursuant to the Plan, "if an insured makes no beneficiary designation, any life insurance proceeds due would be payable" first to the surviving spouse—in this case, Andrea Clarke. (*Id.* ¶¶ 12–14.) However, on January 12, 2018, Cindy Clarke sent a letter to Prudential asserting a claim to the Death Benefits. (*Id.* ¶ 15.) According to Cindy Clarke, Mr. Clarke was "obligated to maintain their minor child, A.M.C., as a beneficiary" to the Plan. (*Id.*; *see* ECF No. 6-2 at 1.) On March 21, 2018, Andrea Clarke asserted a competing claim to the Death Benefits and thereafter initiated the instant case against Prudential on May 24, 2018. (ECF No. 6 ¶¶ 16–17.) Prudential was "ready, willing and able" to pay the Death Benefits, but could not determine who was factually or legally entitled to the benefits. (*Id.* ¶ 19.) Thus, Prudential filed a third-party complaint in interpleader, naming Cindy Clarke and minor A.M.C. as third-party defendants. (*Id.* ¶¶ 3–4.)

On October 26, 2018, the parties filed a joint motion for interpleader deposit and for voluntary dismissal of Prudential. (ECF No. 13.) On November 11, 2018, Judge Huff granted the parties' joint motion, providing Prudential with twenty-one days to distribute $550,000 in Death Benefits to the Clerk of Court and dismissing Prudential from the case. (ECF No. 15.) On November 28, 2018, the Clerk of Court received Prudential's interpleader deposit in the amount of $552,303.91.[3] (ECF No. 20.)

On November 9, 2018, Magistrate Judge Karen S. Crawford held an Early Neutral Evaluation Conference ("ENE") with the parties. (ECF No. 18.) Although not reflected on the docket, at some time between the November 9 ENE and November 16, the parties reached a settlement. On November 16, 2018, Magistrate Judge Jill L. Burkhardt was assigned to handle minor A.M.C.'s compromise in this case.

///

---

[3] Prudential's interpleader deposit includes $550,000 in Death Benefits plus $2,303.91 in interest. (ECF No. 20 at 2.)

On December 18, 2018, the parties filed a Joint Petition to Approve Compromise of Pending Action - Minor ("Initial Petition"), which consists of an MC-350 form and the parties' Settlement and Release Agreement ("Settlement Agreement") as a supporting exhibit. (ECF No. 24.) In the Settlement Agreement, the parties agreed to apportioning the $550,000 in Death Benefits as follows: $495,000 and any accumulated interest to Andrea Clarke; $50,000 to minor A.M.C.; and $5,000 to Nicole Clarke. (*Id.* at 15–16.)

On January 9, 2018, the Court held a telephonic hearing[4] regarding the parties' Initial Petition wherein the Court raised four concerns. (ECF No. 26.) First, the Court noted that the MC-350 form contained a discrepancy in the total amount to be paid by Andrea Clarke.[5] (*See* ECF No. 24 ¶¶ 11–12.) Second, the Court noted that third-party Nicole Clarke was not a signatory to the parties' Settlement Agreement (*id.* at 15–19) yet was to receive $5,000 pursuant to the Settlement Agreement and the MC-350 form (*id.* at 7, 16). Third, the Court noted that the $50,000 to minor A.M.C. would be distributed directly to Cindy Clarke on behalf of minor A.M.C, but $50,000 exceeds the $5,000 statutory limit for the transfer of funds directly to a parent on behalf of a minor. Cal. Prob. Code § 3401 ("[M]oney or other property belonging to the minor may be paid or delivered to the parent of the minor . . . [if] the total estate of the minor . . . does not exceed five thousand dollars ($5,000) in value."). Finally, the Court noted that the attorneys' fees section of the MC-350 form was incomplete, creating an ambiguity as to whether the $50,000 settlement on behalf of minor A.M.C. was gross or net of attorneys' fees. (*Id.* ¶ 18.c.) At the conclusion of the hearing, the Court advised the parties to file the instant Amended Petition.

///

///

---

[4] Plaintiff Andrea Clarke and counsel Craig M. Nicholas appeared on behalf of Plaintiff. Third-Party Defendant Cindy Clarke and counsel Daniel J. Ratajczak appeared on behalf of Third-Party Defendants. Minor A.M.C. did not appear at the hearing. (*See* ECF No. 26.)

[5] The MC-350 appears to indicate that Andrea Clarke will receive the $550,000 Death Benefits and will then distribute the agreed-upon portions to minor A.M.C. and Nicole Clarke.

# III. DISCUSSION

## A. Legal Standard

This District's Local Civil Rule 17.1 addresses settlements for minors and provides in pertinent part:

> **Order of Judgment Required.** No action by or on behalf of a minor or incompetent, or in which a minor or incompetent has an interest, will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment. All settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue. The parties may, with district judge approval[,] consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c) for entry of an order approving the entire settlement or compromise.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Rule 17(c) provides that a district court "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*." (internal citation omitted)).

The Ninth Circuit in *Robidoux* established that district courts reviewing the settlement of a minor's federal claim should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." 638 F.3d at 1181–82. They should also "evaluate the fairness of each minor

5

18-cv-01392-H-KSC

plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078).

**B.     Analysis**

Here, Prudential filed its third-party complaint in interpleader as a federal question pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") and named minor A.M.C. as a third-party defendant. (ECF No. 6 ¶¶ 4–5.) ERISA grants district courts exclusive jurisdiction over actions claiming entitlement to ERISA-regulated plan benefits. 29 U.S.C. § 1132(e)(1). Therefore, the Court finds that application of the *Robidoux* rule is appropriate to evaluate the settlement on behalf of minor A.M.C. in this case.

The Amended Petition consists of an amended MC-350 form and an amended Settlement Agreement attached as a supporting exhibit. (*See* ECF No. 29.) The MC-350 form sets forth the following: Minor A.M.C. is sixteen years old. (*Id.* ¶ 2.) From the $550,000 in Death Benefits, Andrea Clarke is to pay $50,000 to minor A.M.C. and $5,000 to Nicole Clarke. (*Id.* ¶ 12.) Of the $50,000 awarded to minor A.M.C., $15,000 will be deducted for attorneys' fees, leaving A.M.C. with a net award of $35,000. (*Id.* ¶¶ 14–16.) The $35,000 will be transferred to Cindy Clarke, minor A.M.C.'s mother, as custodian for the benefit of A.M.C. under the California Uniform Transfers to Minors Act. (*Id.* ¶ 19 (citing *id.* at 13).)

After reviewing the Amended Petition, the Court is satisfied that the parties have remedied the four issues identified by the Court during the hearing on the parties' Initial Petition. (*See supra* p. 4.) Additionally, for the reasons discussed below, the Court finds that the $35,000 net award to minor A.M.C. appears fair and reasonable considering the facts of this case and serves in the best interest of A.M.C.

First, whether minor A.M.C. would have ultimately recovered any portion of the Death Benefits if litigation continued is uncertain. As previously mentioned, Mr. Clarke did not name a beneficiary to the Plan, and pursuant to the Plan, "if an insured makes no beneficiary designation, any life insurance proceeds due would be payable" first to the

insured's surviving spouse. (ECF No. 6 ¶ 13.) The parties do not dispute that Mr. Clarke's surviving spouse is Andrea Clarke. Further, the complaint alleges that the Plan was purchased in part with Mr. Clarke and Andrea Clarke's community property, which may have posed additional challenges to minor A.M.C.'s recovery. (ECF No. 1-2 ¶ 1.) Whether Cindy Clarke and minor A.M.C. could have successfully argued that A.M.C. was the proper beneficiary to the Plan is uncertain. (*See* ECF No. 6-2 at 1.)

Second, the MSA required Mr. Clarke to maintain life insurance that named his minor children as beneficiaries of the insurance proceeds as a means of providing Cindy Clark with "protection against the termination of child support in the event of [Mr. Clarke's] death." (*Id.* at 5.) Thus, the seeming intent of this provision in the MSA was to ensure that Cindy Clarke would continue to receive child support for A.M.C. until A.M.C. reached the age of majority. As alleged in the complaint, Mr. Clarke was paying $350 per month in child support for A.M.C before his death, and A.M.C. was fifteen years old when Mr. Clarke died, or approximately three years away from the age of majority. (ECF No. 1-2 ¶ 2; *see* ECF No. 29 ¶ 2.) Generously estimating the total amount of child support for A.M.C. that would have been paid by Mr. Clarke at $12,600, the $35,000 net award to A.M.C. accomplishes the intent of the MSA and therefore appears fair and reasonable. *See Del. Life Ins. Co. v. Moore*, No. 18cv944-L (MSB), 2019 WL 762655, at *3 (S.D. Cal. Feb. 21, 2019) (considering the intent of the decedent's marriage settlement agreement, which was at odds with the beneficiaries identified by the decedent's annuity contract, when determining whether the minor's portion of the decedent's annuity was fair and reasonable).

Additionally, the method of disbursement of the $35,000 net award to A.M.C. appears fair and reasonable and is within the bounds of the applicable law and this District's Local Civil Rules. Local Civil Rule 17.1(b)(1) requires that "[m]oney or property recovered by a minor . . . by settlement or judgment must be paid and disbursed in accordance with California Probate Code [§] 3600, *et seq.*" Under California Probate Code § 3600 *et. seq.*, various alternatives are available for the transfer and holding of a minor's

settlement funds. One such alternative is a transfer of the funds to a custodian for the benefit of the minor under the California Uniform Transfers to Minors Act, Cal. Prob. Code § 3900 *et seq*.

Here, the MC-350 form indicates that $35,000 will be transferred to a custodian for the benefit of A.M.C. pursuant to the California Uniform Transfers to Minors Act. (ECF No. 29 ¶ 19.b.(6).) The MC-350 form identifies Cindy Clarke as custodian of the $35,000 (*id.* at 13), and as custodian, Cindy Clarke will be able to "expend for [A.M.C.'s benefit] as much of the custodial property as [she] considers advisable for the use and benefit of [A.M.C.]," Cal. Prob. Code § 3914(a). The Court finds this method of disbursement to be fair and reasonable.

And finally, the Court is required to consider the outcome of similar cases to determine whether the settlement on behalf of minor A.M.C. is reasonable. The Amended Petition does not identify any cases involving similar facts to those here. The Court has conducted its own review of the applicable case law and finds that similar cases to the instant case are limited. Nevertheless, considering the outcome in the few cases available for comparison, the Court finds that minor A.M.C.'s net settlement is fair and reasonable. *See, e.g.*, *Anthem Life Ins. Co. v. Olquin*, No. 1:06-cv-1165 GSA, 2008 WL 1366103 (E.D. Cal. Apr. 9, 2008) (finding the minor's compromise of $18,366.13 from a $50,369.18 insurance policy to which there were competing claims fair and reasonable).

After considering the facts of this case and the $35,000 net settlement awarded to minor A.M.C., the Court finds the settlement to be fair and reasonable and in the best interest of A.M.C.

## IV. CONCLUSION

For the reasons discussed above, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) accepting this Report and Recommendation; and (2) **GRANTING** the parties' Joint Petition to Approve Compromise of Pending Action - Minor (ECF No. 29).

///

8

The Court **FURTHER RECOMMENDS** that:

1. The parties' Initial Petition (ECF No. 24) and the parties' duplicative filing of the instant Amended Petition (ECF No. 30) be **DENIED AS MOOT**.
2. Minor A.M.C.'s settlement amount ($35,000) shall be placed into a custodial account governed by the California Uniform Transfers to Minors Act, in accordance with California Probate Code §§ 3611(f) and 3900 *et seq.*, for the benefit of A.M.C., and shall be transferred to A.M.C. at age eighteen (18); and
3. The named custodian of the California Uniform Transfers to Minors Act account shall be Cindy Clarke, minor A.M.C.'s mother.

**IT IS ORDERED** that no later than **March 22, 2019**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **April 5, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

Dated: March 7, 2019

Hon. Jill L. Burkhardt
United States Magistrate Judge